IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | | |
|---|---|---|
| SPRATT HOWARD, | : | PRISONER CIVIL RIGHTS |
| Plaintiff, | : | 28 U.S.C. § 1983 |
| | : | |
| v. | : | |
| | : | |
| MONTY MOHR et al., | : | CIVIL ACTION NO. |
| Defendants. | : | 1:13-CV-2347-TWT-LTW |

## FINAL REPORT AND RECOMMENDATION

Plaintiff is confined at Hays State Prison in Trion, Georgia. Plaintiff, pro se, filed a complaint under 42 U.S.C. § 1983 against the officials involved in his prior criminal case in Athens, Georgia. (Doc. 1.) Plaintiff seeks leave to proceed *in forma pauperis* ("IFP"). (Doc. 2.)

Plaintiff cannot proceed IFP because he has filed, while incarcerated, at least three civil actions or appeals that were dismissed as frivolous or malicious or for failure to state a claim upon which relief can be granted. *See* 28 U.S.C. § 1915(g); Report and Recommendation, *Howard v. Moore*, No. CV 605-032, at *2-3 (S.D. Ga. Apr. 27, 2005) (listing cases), *adopted by* Order (May 18, 2005).[1] When § 1915(g)

---

[1] There appear to be other cases, or "strikes" for purposes of § 1915(g), in addition to those listed in *Howard*. *See, e.g., Howard v. Crumly*, No. 3:94-cv-122-HL (M.D. Ga. Aug. 19, 1998).

AO 72A
(Rev.8/82)

bars a prisoner from proceeding IFP, "the proper procedure is . . . to dismiss the complaint without prejudice." *Dupree v. Palmer*, 284 F.3d 1234, 1236 (11th Cir. 2002). "The prisoner cannot simply pay the filing fee after being denied *in forma pauperis* status. He must pay the filing fee at the time he *initiates* the suit." *Id.*

Accordingly, the undersigned **RECOMMENDS** that this action be **DISMISSED WITHOUT PREJUDICE**.

**SO RECOMMENDED** this 22 day of July, 2013.

_____
LINDA T. WALKER
UNITED STATES MAGISTRATE JUDGE

AO 72A
(Rev.8/82)